IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:16-cv-00103-FDW
(3:95-cr-00119-MOC-1)

| | |
|---|---|
| GERALD DAMONE HOPPER, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |
| ) | |

**THIS MATTER** is before the Court on consideration of Petitioner's pro se petition for habeas relief pursuant to 28 U.S.C. § 2241. For the reasons that follow, the § 2241 petition will be denied.

In 1996, Petitioner was convicted in this district on one count of Hobbs Act robbery, in violation of 18 U.S.C. § 1951(a), one count of possession of a firearm during and in relation to a crime violence, in violation of 18 U.S.C. § 924(c), and one count of possession of a firearm by a felon, in violation of 18 U.S.C. § 922(g). At his sentencing hearing, Petitioner was found to be an armed career criminal pursuant to 18 U.S.C. § 924(e) (Armed Career Criminal Act "ACCA"), and he was sentenced to a term of 262-months' imprisonment. (3:95-cr-00119, Doc. No. 126: Judgment). Petitioner's judgment was affirmed on appeal in an unpublished opinion. United States v. Hopper, 133 F.3d 918 (4th Cir. 1997), cert. denied, 525 U.S. 909 (1998). Petitioner then filed a series of motions to vacate pursuant to 28 U.S.C. § 2255, all of which were denied.

In this § 2241 proceeding, Petitioner first contends that he is entitled to relief from his sentence because his 1979 North Carolina conviction for possession with intent to sell and

1

deliver cocaine, which he sustained in Mecklenburg County Superior Court, is not a serious drug offense under the ACCA.[1] Petitioner cites the Fourth Circuit's opinion in Newbold v. United States, which applied the holding in United States v. Simmons, 649 F.3d 237 (4th Cir. 2011), to determine whether a sentence imposed under North Carolina's Fair Sentencing Act ("FSA") for a controlled substance conviction qualified as a serious drug offense under the ACCA.[2] 791 F.3d 455 (4th Cir. 2015).[3]

According to the presentence report ("PSR"), Petitioner was sentenced in 1979 on the felony drug offense to a term of 8-10 years in prison. (3:95-cr-00119, Doc. No. 225: PSR ¶ 48). Petitioner does not contend that the contents of his PSR were erroneously recorded in this proceeding, and he did not challenge the 1979 conviction in district court or on appeal.[4]

The Court first notes the FSA was not passed until 1981; therefore the holding in Newbold is inapplicable to Petitioner's claim because he was sentenced two years earlier. Moreover, Petitioner actually received a term of imprisonment that included a maximum term of

---

[1] Under the ACCA, a defendant is subject to a mandatory-minimum term of 15-years' imprisonment if he has three convictions for either a violent felony or a serious drug offense with the latter term defined as "an offense under State law, involving manufacturing, distributing, or possessing with intent to manufacture or distribute a controlled substance . . . for which a maximum term of imprisonment of ten years or more is prescribed by law." 18 U.S.C. § 924(e)(2)(A)(ii).

[2] The North Carolina General Assembly repealed the FSA effective October 1, 1994, and replaced it with the Structured Sentencing Act. See Newbold, 791 F.3d at 461.

[3] In Simmons, the Fourth Circuit held that in order for a prior North Carolina conviction to serve as a predicate felony offense, the individual defendant must have been convicted of an offense for which that defendant could be sentenced to a term exceeding one year. Simmons, 649 F.3d at 243. The Simmons opinion expressly overruled United States v. Harp, 406 F.3d 242 (4th Cir. 2005), which held that in determining "whether a conviction is for a crime punishable by a prison term exceeding one year [under North Carolina law] we consider the maximum aggravated sentence that could be imposed for that crime upon a defendant with the worst possible criminal history." 649 F.3d at 243 (quoting Harp, 406 F.3d at 246) (emphasis omitted).

[4] See Honorable Louis B. Meyer, North Carolina's Fair Sentencing Act: An Ineffective Scarecrow, 28 Wake Forest L. Rev. 519, 546 (1993) (noting "North Carolina General Assembly finally passed this seemingly sweeping legislation in 1981 . . .").

2

ten years in prison; thus he stands convicted of a serious drug offense under the ACCA.

Petitioner has also filed a motion to amend his § 2241 petition to include a claim that he is entitled to relief from his enhanced sentence under § 924(e) based on the Supreme Court's recent decision in <u>Johnson v. United States</u>, 135 S. Ct. 2551 (2015), in which the Court held that the residual clause of the ACCA was void for vagueness and therefore unconstitutional. (3:16-cv-00103, Doc. No. 4).

Petitioner appears to contend that his 1977 conviction for common law robbery no longer qualifies as a predicate offense after the <u>Johnson</u> decision. However, the probation officer did not rely on this conviction to support his designation as an armed career criminal but rather on the 1979 drug conviction and two counts of second-degree attempted murder sustained in New York state court in March of 1981, for which he was sentenced to concurrent terms of 10-20 years' imprisonment. (PSR ¶ 51).

The ACCA defines a violent felony as "any crime punishable by imprisonment for a term exceeding one year . . . that:

> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
>
> (ii) is burglary, arson, or extortion, involves use of explosives, or *otherwise involves conduct that presents a serious potential risk of physical injury to another.*"

18 U.S.C. § 924(e)(2)(B)(i)(ii). <u>See</u> <u>Johnson</u>, 135 S. Ct. at 2556 ("The closing words of this definition, italicized above, have come to be known as the Act's residual clause."). In Petitioner's case, there is no question that attempted second-degree murder is a violent felony under Section 924((e)(2)(B)(i) of the ACCA ("force clause"); therefore the residual clause is inapplicable to Petitioner's claim for relief.

3

Based on the foregoing, the Court finds that Petitioner is not entitled to habeas relief and his petition will be denied.

**IT IS, THEREFORE, ORDERED** that:

1. Petitioner's § 2241 petition for habeas relief is **DENIED**. (Doc. No. 1).

2. Petitioner's motion to proceed in forma pauperis is **GRANTED**. (Doc. No. 3).

3. Petitioner's motion to amend is **GRANTED**. (Doc. No. 4).

The Clerk is respectfully directed to close this case.

**SO ORDERED**.

Signed: May 4, 2016

Frank D. Whitney
Chief United States District Judge