IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:16-cv-00103-FDW
(3:95-cr-00119-MOC-1)

| | |
|---|---|
| GERALD DAMONE HOPPER, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**THIS MATTER** is before the Court on Petitioner's pro se motion for reconsideration of the dismissal of his § 2241 petition for sentencing relief based on the Fourth Circuit's holding in United States v. Newbold, 791 F.3d 455 (4th Cir. 2015).

In 1996, Petitioner was convicted in this district on one count of Hobbs Act robbery, in violation of 18 U.S.C. § 1951(a), one count of possession of a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c), and one count of possession of a firearm by a felon, in violation of 18 U.S.C. § 922(g). The Court found Petitioner qualified as an armed career criminal pursuant to 18 U.S.C. § 924(e) (Armed Career Criminal Act "ACCA"), and he was sentenced to a term of 262-months' imprisonment. (3:95-cr-00119, Doc. No. 126: Judgment; Doc. No. 225: Presentence Report ¶ 40). Petitioner's judgment was affirmed on appeal in an unpublished opinion. United States v. Hopper, 133 F.3d 918 (4th Cir. 1997), cert. denied, 525 U.S. 909 (1998). Petitioner then filed a series of collateral motions attacking his sentence, all of which were denied. (Id., Doc. Nos. 143 (June 10, 1998) 157 (Jan. 7, 1999); 198 (July 14, 2011).

Turning to Petitioner's motion for reconsideration, the Court finds the motion should be

denied for the reasons stated in the Court's Order of dismissal, (Doc. No. 5: Order), and because Petitioner may not proceed with a claim that he is entitled to relief based on Newbold because he has not demonstrated that a § 2255 motion is an inadequate or ineffective way of challenging his sentence. The Fourth Circuit explained,

> that § 2255 is adequate or ineffective to test the legality of a conviction when: (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

In re Jones, 226 F.3d 328, 333 (4th Cir. 2000).

In sum, Petitioner should have pursued his collateral challenge to his sentence through a § 2255 motion, if at all.

**IT IS, THEREFORE, ORDERED** that Petitioner's motion for reconsideration is **DENIED**. (Doc. No. 7).

**SO ORDERED**.

Signed: December 5, 2016

Frank D. Whitney
Chief United States District Judge